# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 2, 2021

161760-78 & (133)(138)

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

DEPARTMENT OF TRANSPORTATION,
      Plaintiff-Appellee,

v

RIVERVIEW-TRENTON RAILROAD
COMPANY and CENTRAL TRANSPORT,
LLC,
      Defendants-Appellants,
and

CITY OF DETROIT, DOME PIPELINE
CORPORATION, DTE ELECTRIC COMPANY,
EES COKE BATTERY, LLC, ECONOMIC
DEVELOPMENT CORPORATION OF
THE CITY OF DETROIT, EDW C. LEVY CO.,
HONEYWELL INTERNATIONAL, INC.,
INTERNATIONAL TRANSMISSION COMPANY,
J.P. MORGAN CHASE BANK, NA, S&L
DEVELOPMENT CO., and UNITED STATES
STEEL CORP.,
      Defendants.
_____/

SC: 161760
COA: 345708
Wayne CC: 17-000536-CC

DEPARTMENT OF TRANSPORTATION,
      Plaintiff-Appellee,

v

CROWN ENTERPRISES, INC.,
      Defendant-Appellant,
and

CITY OF DETROIT and DEPARTMENT OF
NATURAL RESOURCES,
      Defendants.
_____/

SC: 161761
COA: 346105
Wayne CC: 17-000530-CC

DEPARTMENT OF TRANSPORTATION,
      Plaintiff-Appellee,

v

SC: 161762
COA: 346106
Wayne CC: 17-000531-CC

CROWN ENTERPRISES, INC.,
        Defendant-Appellant,
and

CITY OF DETROIT,
        Defendant.
_____/

DEPARTMENT OF TRANSPORTATION,
        Plaintiff-Appellee,

v

SC: 161763
COA: 346107
Wayne CC: 17-000533-CC

DIBDETROIT, LLC,
        Defendant-Appellant,
and

CITY OF DETROIT,
        Defendant.
_____/

DEPARTMENT OF TRANSPORTATION,
        Plaintiff-Appellee,

v

SC: 161764
COA: 346108
Wayne CC: 17-000534-CC

DIBDETROIT, LLC,
        Defendant-Appellant,
and

DEPARTMENT OF NATURAL RESOURCES,
        Defendant.
_____/

DEPARTMENT OF TRANSPORTATION,
        Plaintiff-Appellee,

v

SC: 161765
COA: 346109
Wayne CC: 17-000537-CC

DETROIT INTERNATIONAL BRIDGE
COMPANY,
        Defendant-Appellant,
and

CITY OF DETROIT and DEPARTMENT OF

NATURAL RESOURCES,
           Defendants.
_____/

DEPARTMENT OF TRANSPORTATION,
           Plaintiff-Appellee,

v                                                        SC: 161766
                                                         COA: 346110
                                                         Wayne CC: 17-000538-CC

CROWN ENTERPRISES, INC.,
           Defendant-Appellant,
and

WAYNE SCRAP IRON & METAL COMPANY
and CITY OF DETROIT,
           Defendants.
_____/

DEPARTMENT OF TRANSPORTATION,
           Plaintiff-Appellee,

v                                                        SC: 161767
                                                         COA: 346111
                                                         Wayne CC: 17-000539-CC

DIBDETROIT, LLC,
           Defendant-Appellant,
and

CITY OF DETROIT, BENJAMIN ZUCKER or
His Unknown Heirs, Devisees, Legatees and
Assigns, and ROSE ZUCKER or Her Unknown
Heirs, Devisees, Legatees and Assigns,
           Defendants.
_____/

DEPARTMENT OF TRANSPORTATION,
           Plaintiff-Appellee,

v                                                        SC: 161768
                                                         COA: 346112
                                                         Wayne CC: 17-000540-CC

CROWN ENTERPRISES, INC.,
           Defendant-Appellant,
and

ARCOLA CLARK or Her Unknown Heirs,
Devisees, Legatees and Assigns, GWENDOLYN
MARIE SMITH or Her Unknown Heirs, Devisees,
Legatees and Assigns, and CITY OF DETROIT,
           Defendants.

_____/

DEPARTMENT OF TRANSPORTATION,
        Plaintiff-Appellee,

v

CROWN ENTERPRISES, INC.,
        Defendant-Appellant,
and

CITY OF DETROIT,
        Defendant.

SC: 161769
COA: 346113
Wayne CC: 17-000541-CC

_____/

DEPARTMENT OF TRANSPORTATION,
        Plaintiff-Appellee,

v

CROWN ENTERPRISES, INC.,
        Defendant-Appellant,
and

CITY OF DETROIT, DTE ELECTRIC COMPANY EXPRESS SERVICE ENTERPRISES, INC., FLAGSTAR BANCORP, INC., THOMAS McALLEN or His Unknown Heirs, Devisees, Legatees and Assigns, AILEEN McALLEN or Her Unknown Heirs, Devisees, Legatees and Assigns, BUSINESS LOAN CENTER, LLC, UNITED STATES OF AMERICA DEPARTMENT OF TREASURY/INTERNAL REVENUE SERVICE, and AFT INVESTMENTS, LLC,
        Defendants.

SC: 161770
COA: 346114
Wayne CC: 17-000542-CC

_____/

DEPARTMENT OF TRANSPORTATION,
        Plaintiff-Appellee,

v

DIBDETROIT, LLC,
        Defendant-Appellant,
and

MORTON INDUSTRIAL GROUP, INC., as Successor in Interest to McLOUTH STEEL CORPORATION, DEPARTMENT OF NATURAL

SC: 161771
COA: 346115
Wayne CC: 17-000544-CC

RESOURCES, and CITY OF DETROIT,
        Defendants.
_____/

DEPARTMENT OF TRANSPORTATION,
        Plaintiff-Appellee,

v                                                                SC: 161772
                                                                 COA: 346116
                                                                 Wayne CC: 17-000545-CC

DIBDETROIT, LLC,
        Defendant-Appellant,
and

IRENE GARZA and CITY OF DETROIT,
        Defendants.
_____/

DEPARTMENT OF TRANSPORTATION,
        Plaintiff-Appellee,

v                                                                SC: 161773
                                                                 COA: 346117
                                                                 Wayne CC: 17-000546-CC

CROWN ENTERPRISES, INC.,
        Defendant-Appellant,
and

DEPARTMENT OF NATURAL RESOURCES
and CITY OF DETROIT,
        Defendants.
_____/

DEPARTMENT OF TRANSPORTATION,
        Plaintiff-Appellee,

v                                                                SC: 161774
                                                                 COA: 346118
                                                                 Wayne CC: 17-000547-CC

CROWN ENTERPRISES, INC.,
        Defendant-Appellant,
and

CURTIS PENICK and CITY OF DETROIT,
        Defendants.
_____/

DEPARTMENT OF TRANSPORTATION,
        Plaintiff-Appellee,

v                                                                SC: 161775
                                                                 COA: 346119

Wayne CC: 17-000548-CC

CROWN ENTERPRISES, INC.,
            Defendant-Appellant,
and

RYE GENTRY TRUCKING, INC., CAROL A.
GENTRY TRUST DATED 11/8/2000 As it May
be Amended, and CAROL A. GENTRY,
Individually and as Trustee,
            Defendants.
_____/

DEPARTMENT OF TRANSPORTATION,
            Plaintiff-Appellee,

v                                          SC: 161776
                                           COA: 346120
                                           Wayne CC: 17-006977-CC

DIBDETROIT, LLC,
            Defendant-Appellant,
and

CITY OF DETROIT,
            Defendant.
_____/

DEPARTMENT OF TRANSPORTATION,
            Plaintiff-Appellee,

v                                          SC: 161777
                                           COA: 346121
                                           Wayne CC: 17-006979-CC

DIBDETROIT, LLC,
            Defendant-Appellant,
and

CITY OF DETROIT, DEPARTMENT OF
NATURAL RESOURCES, SAMIR
HABIBSHAMKH AL-FATLAWI, MARIA
ANTONIETA PARDO-DE-GARCIA, MARJORIE
ZAIZAR, and RAMIRO ZAIZAR,
            Defendants.
_____/

DEPARTMENT OF TRANSPORTATION,
            Plaintiff-Appellee,

v                                          SC: 161778
                                           COA: 346122
                                           Wayne CC: 17-006980-CC

DIBDETROIT, LLC,
            Defendant-Appellant,

and

DEPARTMENT OF NATURAL RESOURCES,
            Defendant.

_____/

On order of the Court, the motion to strike response in opposition to amicus curiae brief and the motion for leave to file a reply brief in support of motion to strike are GRANTED. The application for leave to appeal the June 18, 2020 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

VIVIANO, J. (*dissenting*).

This case raises serious questions about the activities of the Michigan Department of Transportation (MDOT) in relation to the Gordie Howe International Bridge. The Legislature has never authorized the bridge and, in fact, has since 2011 placed limitations on MDOT's authority to approve the bridge or use state funds for it. The meaning and effect of those limitations, and the constitutionality of MDOT's actions, are at the heart of this case. The Court of Appeals concluded that MDOT's actions complied with all the statutory restrictions and were otherwise constitutional.

Defendants raise strong arguments that the Court of Appeals erred. For example, when the state of Michigan, "by and through" MDOT, among other entities, entered into an agreement with Canada to construct a new bridge crossing between Detroit and Windsor, Ontario (the Crossing Agreement), there was an appropriations statute in effect that prohibited MDOT from "expend[ing] any state transportation revenue for the construction of the" bridge and from "commit[ting] the state to any new contract related to the construction planning or construction of the" bridge. 2011 PA 63, Art XVII, Part 2, § 384(1). Since the Crossing Agreement was entered, the Legislature has continued to prohibit MDOT from expending state funds except for "staff resources used in connection with project activities . . . ." 2013 PA 59, § 384(1). Under the Crossing Agreement, although Canada is required to reimburse MDOT for various expenditures including the land condemnations at issue here, MDOT must expend funds on the front end. It is at least a close question whether a prohibition on spending funds still allows hundreds of millions of dollars to be spent as long as the expenditures are later reimbursed. In addition to this interpretive issue, it is also questionable whether MDOT's actions pass muster under constitutional and statutory requirements that limit state agencies like MDOT to spending funds that are specifically appropriated by the Legislature. Const 1963, art 9, § 17; MCL 18.1366. It appears that no appropriations have been made for the funds spent by MDOT that are subject to reimbursement by Canada. These are difficult legal issues that merit this Court's attention.

This is yet another missed opportunity to address a contention that executive agencies and officials have acted outside the bounds of their prescribed authority. See *Davis v Secretary of State*, ___ Mich ___; 951 NW2d 911 (2020) (VIVIANO, J., dissenting) (dissenting from denial of leave to appeal in a challenge to the Secretary of State's mass mailing of absentee ballot applications); *Davis v Secretary of State*, ___ Mich ___; 951 NW2d 329 (2020) (dismissing appeal by stipulation of the parties in a case challenging the Secretary of State's last-minute directive banning the open carrying of firearms at polling places on Election Day). This is no small matter. See Hamburger, *Is Administrative Law Unlawful?* (Chicago: University of Chicago Press, 2014), p 29 ("It was precisely to bar prerogative or administrative evasions of law that seventeenth-century Englishmen developed ideas of constitutional law."). As I explained when this issue arose recently, "In general, '[t]he extent of the authority of the people's public agents is measured by the statute from which they derive their authority, not by their own acts and assumption of authority.' " *Davis*, ___ Mich at ___; 951 NW2d at 911, quoting *Mich Ed Ass'n v Secretary of State (On Rehearing)*, 489 Mich 194, 225-226 (2011) (quotation marks and citation omitted). The present case puts this issue in even starker relief, as the question is not simply whether MDOT was authorized to undertake its actions in regard to the bridge, but whether MDOT was affirmatively prohibited by the Legislature from taking these actions.

I would grant leave to appeal so that we could examine these important and far-reaching issues.

CLEMENT, J., did not participate due to her prior involvement as chief legal counsel for former Governor Rick Snyder.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 2, 2021



Clerk

p0330